UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRUNO RIMINI (FURNITURE) LIMITED, a United Kingdom company,<br><br>        Plaintiff,<br><br>  v.<br><br>CONNOR MARKETING, INC., a California Corporation,<br><br>        Defendant, | CIV. NO. 1:14-01906 WBS SAB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT |

----oo0oo----

        Plaintiff Bruno Rimini (Furniture) Limited, a United Kingdom company, brought this action for breach of contract to recover the price of goods delivered to defendant Connor Marketing, Inc., a California company. Plaintiff now moves for partial summary judgment on its breach of contract claim pursuant to Federal Rule of Civil Procedure 56. Defendant opposes the motion and, in the alternative, asks the court to defer consideration under Rule 56(d).

1

1  "[A] party may file a motion for summary judgment at
2  any time until 30 days after the close of all discovery." See
3  Fed. R. Civ. P. 56(b).  In this case, plaintiff moved for summary
4  judgment on May 29, 2015, the same day as the deadline to
5  exchange initial disclosures pursuant to the court's April 22,
6  2015 Scheduling Order.  (See Docket No. 29.)
7         Federal Rule of Civil Procedure 56(d) provides that if
8  a party opposing summary judgment "shows by affidavit or
9  declaration that, for specified reasons, it cannot present facts
10 essential to justify its opposition, the court may: (1) defer
11 considering the motion or deny it; (2) allow time to obtain
12 affidavits or declarations or to take discovery; or (3) issue any
13 other appropriate order."  Fed. R. Civ. P. 56(d).  To satisfy
14 Rule 56(d), the requesting party "must show: (1) it has set forth
15 in affidavit form the specific facts it hopes to elicit from
16 further discovery; (2) the facts sought exist; and (3) the
17 sought-after facts are essential to oppose summary judgment."
18 Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525
19 F.3d 822, 827 (9th Cir. 2008) (citing California v. Campbell, 138
20 F.3d 772, 779 (9th Cir. 1998)).
21        "Courts are reluctant to deny Rule 56(d) requests."
22 Freeman v. ABC Legal Servs., Inc., 827 F. Supp. 2d 1065, 1071
23 (N.D. Cal. 2011).  Typically, "unless plaintiffs failed to
24 exercise due diligence in conducting discovery, filed an untimely
25 Rule 56(d) request, or failed to explain how additional facts
26 would oppose summary judgment, the request is generally granted
27 with liberality."  Id.
28        A declaration made by defendant's president, Ron Kuber,

2

identifies seven individuals he says have "knowledge which will support CMI's position in this case." (Kuber Decl. ¶ 21 (Docket No. 34-1).) First, he states that five individuals--including Simon Wigley, Sean Quinn, Liz England, Keith Bolsen, and Ruthie Bolsen--have "knowledge of the relationship between CMI and BRFL, the quality of the purple film and CMI's efforts to develop the brand domestically." (Id.) Another individual, identified as Carlo Banchero, has "knowledge of the availability of orange Silostop, and the departure of Simon Wigley from Bruno Rimini, Ltd., and the scope of business of BRFL." (Id.) The final person, Marco Forzano, has "knowledge of the relationship between CMI and BRFL and the quality of the purple film." (Id.)

At oral argument on July 24, 2015, defendant's counsel represented that all of these witnesses reside outside the United States, with the exception of Keith and Ruthie Bolsen, who reportedly live in Texas. Counsel acknowledged that many of the witnesses would therefore not necessarily be subject to service of process compelling them to attend a deposition. However, counsel represented that the Bolsens would testify to facts relevant to oppose summary judgment and stated that defendant would endeavor to obtain testimony from the remaining foreign witnesses to the fullest extent possible.

Plaintiff argues that these representations fall short of Rule 56(d)'s requirements because defendant identifies only generalized topics, not specific facts, for further discovery and fails to explain why these topics are relevant to summary judgment. (See Pl.'s Reply at 12-15.) Plaintiff points out that several of the topics, such as the business relationship between

defendant and plaintiff, should already be within defendant's knowledge. The remaining topics are not relevant to the breach of contract claim at issue here, plaintiff argues, because they are excluded by the parol evidence rule.

Although more specificity would help defendant's request, the court is sufficiently persuaded that defendant should be afforded the opportunity to depose the individuals it has identified. Plaintiff's decision to file its motion on the same day the parties exchanged initial disclosures would give even a diligent party little, if any, time for meaningful discovery. Defendant's request for additional time is thus understandable. The court's interest in ensuring a thorough adjudication of this matter therefore weights in favor of deferring consideration. See Freeman, 827 F. Supp. 2d at 1071.

Moreover, the court cannot say at this stage that the sought-after facts will not aid defendant in opposing summary judgment. Although the parol evidence rule prohibits the use of extrinsic evidence where a contract "is intended to be a final expression of that agreement and a complete and exclusive statement of the terms," see Cal Code Civ. Proc. § 1856(a); Cal. Com. Code § 2202, California law allows a party to "present extrinsic evidence to show that a facially unambiguous contract is susceptible of another interpretation."[1] Maffei v. N. Ins. Co.

---

[1] Both parties cite the United Nations Convention on Contracts for the International Sale of Goods ("CISG") in their discussion of contract law. (See Pl.'s Mem. at 5-6; Pl.'s Reply at 4-5; see also Def.'s Opp'n at 7 ("CMI does not dispute the law.").) However, "the only circumstance in which the CISG could apply is if all the parties to the contract were from Contracting States." Prime Start Ltd. v. Maher Forest Products, Ltd., 442 F.

4

of N.Y., 12 F.3d 892, 898 (9th Cir. 1993); see also Dore v. Arnold Worldwide, Inc., 39 Cal. 4th 384, 391 (2006) ("[E]ven if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible." (quotation marks and citation omitted)).

---

Supp. 2d 1113, 1118 (W.D. Wash. 2006) (quoting Impuls I.D. Internacional, S.L. v. Psion-Teklogix Inc., 234 F. Supp. 2d 1267, 1272 (S.D. Fla. 2002)); see also Princesse D'Isenbourg Et Cie Ltd. v. Kinder Caviar, Inc., Civ. No. 3:09-29 DCR, 2011 WL 720194, at *4 n.3 (E.D. Ky. Feb. 22, 2011) ("In United States courts, the CISG is not applicable when a contract is between parties having places of business in different States and only one State is a Contracting State." (internal quotation marks and citation omitted)).

The United States is a "Contracting State," but the United Kingdom is not.  See Impuls I.D. Internacional, 234 F. Supp. 2d at 1271; Princesse D'Isenbourg Et Cie Ltd., 2011 WL 720194, at *4 n.3; Prime Start Ltd., 442 F. Supp. 2d at 1118. For a list of signatories to the CISG, see United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980)(CISG), United Nations Commission on International Trade Law, http://www.uncitral.org/uncitral/en/uncitral_texts/sale_goods/1980CISG_status.html (last visited July 17, 2015). Accordingly, because plaintiff operates in a country that has not signed the CISG, the CISG cannot govern this dispute.

Federal Rule of Civil Procedure 44.1 requires a party "who intends to raise an issue about a foreign country's law must give notice by pleading or other writing." See Fed. R. Civ. P. 44.1.  At oral argument on July 24, 2015, the parties acknowledged that they have neither cited to United Kingdom law nor suggested that United Kingdom law applies.  In the Ninth Circuit, "where 'both parties have failed to prove the foreign law, the forum may say that the parties have acquiesced in the application of the local law of the forum.'"  Prime Start Ltd., 442 F. Supp. 2d at 1119 (quoting Commercial Ins. Co. of Newark, N.J. v. Pacific-Peru Constr. Corp., 558 F.2d 948, 952 (9th Cir. 1977)); see also Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 989-90 & n.7 (9th Cir. 2006) (applying California law to an agreement in "the absence of any argument by the parties that California law does not govern").  The court will therefore assume for purposes of this motion that the parties have acquiesced to the application of California law.

1   Although defendant is unable to state precisely what the
2   proffered witnesses will say, defendant has sufficiently
3   identified areas of inquiry germane to the opposition of
4   plaintiff's motion.
5           Accordingly, the court will deny plaintiff's motion
6   without prejudice at this time.  It will further allow defendant
7   to depose the seven identified witnesses, to the extent they can
8   be compelled to attend a deposition.  At oral argument,
9   defendant's counsel requested a deferral of six months.  In order
10  to keep the costs and complications of discovery low, the court
11  will therefore stay all discovery, with the exception of these
12  seven depositions, for that time period.
13          This Order expresses no views on the merits of
14  plaintiff's motion for partial summary judgment, and plaintiff
15  may renew its motion at the expiration of six months or upon
16  completion of the depositions.  Defendant shall follow the
17  applicable federal and local rules for opposing the renewed
18  motion.
19          IT IS THEREFORE ORDERED that plaintiff's motion for
20  summary judgment be, and the same hereby is, DENIED without
21  prejudice.
22          IT IS FURTHER ORDERED that all discovery be, and the
23  same hereby is, stayed and shall remain stayed for a period of
24  six months from the date this Order is signed, except that the
25  parties shall be permitted to take the depositions of Simon
26  Wigley, Sean Quinn, Liz England, Keith Bolsen, Ruthie Bolsen,
27  Carlo Banchero, and Marco Forzano.  All dates relating to
28  discovery set out in section four of the court's April 22, 2015

Scheduling Order are hereby vacated.  At the expiration of six months or upon completion of the above depositions, whichever occurs first, plaintiff may renew its motion for partial summary judgment.  If plaintiff chooses to renew its motion, discovery shall remain stayed until the court rules on that motion.

Dated:   July 27, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE